IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At BALTIMORE

|  |  |
|---|---|
| In re: Ruby Ann DeLillye ) | |
| ) | Chapter 7 |
| Debtor. ) | Case No. 04-35133 |
| ) | |

CITY OF RICHMOND'S RESPONSE TO
DEBTOR'S MOTION TO FIND THE CITY OF RICHMOND
IN VIOLATION OF AUTOMATIC STAY, VOID ANY TAX
TAKING AND AWARD SANCTIONS AND DAMAGES TO DEBTOR

Pursuant to Local Bankruptcy Rule 9013-1 of this Court, the City of Richmond, by counsel, moves this Court to dismiss the Debtor's Motion To Find The City Of Richmond In Violation Of Automatic Stay, Void Any Tax Taking And Award Sanctions And Damages To Debtor ("Debtor's Motion"). In support of this Motion, the City respectfully certifies the following:

1. On September 13, 2004, in the ordinary course of collection practice in the City of Richmond Virginia, the assigned tax revenue investigator filed a warrant in debt in the General District Court of Richmond, Virginia against Ms. Ruby A. Robinson-DeLillye (aka Ruby Ann DeLillye) for unpaid

Alexandra Silva (Virginia State Bar No. 38972)
*Admitted Pro Hac Vice, January 19, 2005*
Assistant City Attorney
Office of the City Attorney
900 E. Broad Street, Room 300
Richmond, Virginia 23219
(804) 646-6642, office
(804) 646-6653, facsimile

      personal property taxes owed to the City of Richmond (Case No. GV4061773-01).

2. This warrant in debt was set on the docket of the General District Court of Richmond, Virginia for November 18, 2004 at 10:00 a.m.

3. Pursuant to Code of Virginia §8.01-329, proper service of this warrant in debt was made upon Ms. Ruby Ann DeLillye on October 18, 2004.

4. Unbeknownst to the assigned tax revenue investigator or any employee of the City of Richmond, Ms. Ruby Ann DeLillye filed for bankruptcy in this Court on November 5, 2004.

5. Although the certificate of service of this Court indicates that the City of Richmond was served with a Notice of filing of bankruptcy by first class mail on November 10, 2004, the City of Richmond never received such notice, upon information and belief.

6. On November 18, 2004, the General District Court of Richmond, Virginia entered a default judgment against Ms. Ruby A. Robinson-DeLillye.

7. The City of Richmond first learned of the bankruptcy filing upon receipt of the Debtor's Motion on December 22, 2004.

8. In response to the Debtor's Motion, the City of Richmond, by counsel, filed on January 3, 2005 a Motion to Set Aside the Judgment with the General District Court of Richmond, Virginia. *See Exhibit A,* attached.

9. On January 18, 2005, the General District Court entered an order vacating the default judgment and nonsuiting the warrant in debt against Ms. DeLillye. *See Exhibit B*, attached.

10. The City of Richmond has an unfortunately large caseload of tax delinquencies of which the tax revenue staff diligently pursues collection within the law, to the best of their abilities.

11. Although the City of Richmond has procedures in place to prevent collection actions in all cases of bankruptcy filings, in this particular case, with the Notice seemingly lost in the mail and the filing of bankruptcy being in a foreign jurisdiction, the tax revenue staff could not know of the filing of a Chapter 7 bankruptcy at the time default judgment was entered.

12. The City of Richmond at the first opportunity sought, and succeeded, to set aside the judgment entered postpetition and has not taken any other steps to collect the personal property tax debt owed by Ms. DeLillye since she filed for bankruptcy.

13. The City of Richmond did not knowingly violate the automatic stay pursuant to 11 U.S.C. §362(a).

14. The City of Richmond did not cause the debtor any damage, nor did the Debtor suffer any damages nor incur attorney's fees.

15. Pursuant to Local Rule 9013-2 of this Court, the City of Richmond relies on its pleadings instead of filing an additional memorandum in support.

WHEREFORE, the City of Richmond, by counsel, respectfully requests that this Court not enter an order finding the City of Richmond in violation of the automatic stay, not enter an order voiding any taxes owed by this Debtor, not award any damages to the Debtor, and/or dismiss the Debtor's Motion without any further relief.

**CITY OF RICHMOND**

                      **BY:**      /s/ Alexandra Silva
                                        **Counsel for the City of Richmond**

**Alexandra Silva (Virginia State Bar No. 38972)**
*Admitted Pro Hac Vice, January 19, 2005*
**Assistant City Attorney**
**Office of the City Attorney**
**900 E. Broad Street, Room 300**
**Richmond, Virginia 23219**

**Cyd Beth Wolf, Federal Bar No. 02467**
**James G. Davis, Federal Bar No. 07868**
*Local Counsel for Pro Hac Vice*
**Assistant Attorneys General**
**State of Maryland**
**Office of the Attorney General**
**217 East Redwood Street, 11th Floor**
**Baltimore, Maryland  21202**

**Certificate of Service**

I hereby certify that a true and accurate copy of the foregoing City of Richmond's Response to the Debtor's Motion To Find The City Of Richmond In Violation Of Automatic Stay, Void Any Tax Taking And Award Sanctions And Damages To Debtor was sent via first class mail on this 21st day of January 2005 to the following parties and/or interested persons:

Ruby A. DeLillye, *pro se Debtor*
1512 Shady Side Road
Baltimore, Maryland 21218

Bud Stephen Tayman
Chapter 7 Trustee
6303 Ivy Lane 140
Greenbelt, MD 20770

    /s/ Alexandra Silva

Case 04-35133    Doc 9    Filed 01/21/05    Page 6 of 6