**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND**

FILED (E)

2005 JAN 25  A 10: 49

DISTRICT OF MARYLAND
BALTIMORE, MD

| | | |
|---|---|---|
| In Re: | * | |
| **RUBY ANN DELILLYE**<br>**Debtor** | * | **Chapter 7** |
| | * | **Case No.: 04-35133** |

\*     \*     \*     \*     \*     \*     \*

**RESPONSE AND OPPOSITION TO THE CITY OF RICHMOND RESPONSE AND
MOTION TO DISMISS THE DEBTORS MOTION TO FIND THE CITY OF RICHMOND IN
VIOLATION OF THE AUTOMATIC STAY AND AWARD SANCTIONS AND DAMAGES
TO THE DEBTOR**

NOW COMES, Ruby Ann DeLillye "Debtor" and files this Response and Opposition to the City of Richmond Response And Motion To Dismiss The Debtors Motion To Find The City Of Richmond In Violation of The Automatic Stay And Award Sanctions And Damages To The Debtor and for her cause states:

1. The "City's" affirmative defense is that they have not violated the automatic stay because they never received the Bankruptcy Notice, They have a heavy case load and that the judgment was vacated.

2. I find it hard to believe that they received the debtors Motion but failed to receive the Notice of Bankruptcy Filing. The Debtor belief is that this defense is being used as a dilatory tactic.

3. It is noteworthy that said Notice of Bankruptcy Filing has not been returned by the United States Postal Service as returned or undeliverable as addressed.

4. That it is reasonable to assume that the City disregards bankruptcy notices from the court unless they are being sued for deliberate violations of the law.

5. That there inability to hire staff to handle there caseload has no bearings on there intentional or unintentional violation of the automatic stay. It is there duty to have

reasonable safe guards in place to prevent debt collections where the debtor has apparently filed for bankruptcy protection.

6. In a case similar *In re Rosa, 313 B.R. 1, (Bankr. D. Mass 2004)* the court found that even though the creditor had corrected its violation of the automatic stay , they still violated the automatic stay and awarded the debtor $18,853.72 in damages, punitive damages and attorney's fees. The Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts on March 10, 2003. Rosa listed the City of Chicopee in his bankruptcy schedules as a secured creditor by virtue of a tax lien on his three-family home. As a scheduled creditor the City received notice of Rosa's bankruptcy filing. On May 28, 2003, the City published a notice of tax taking against Rosa's property and mailed Rosa a letter informing him of that action. On July 2, 2003, the City recorded the tax taking at the registry of deeds. Shortly after the tax taking was recorded, Rosa filed a motion in the Bankruptcy Court seeking a determination that the City had violated the automatic stay imposed by 11 U.S.C. (Bankruptcy Code) § 362 and seeking damages and sanctions for such violation. Apparently conceding that its actions in attempting to enforce a lien against a debtor's property and to collect a claim against a debtor that arose prior to the commencement of a bankruptcy case were clear violations of the automatic stay provisions of Bankruptcy Code § 362(a), the City recorded a disclaimer and release of its tax taking immediately after it received Rosa's motion. Inexplicably, however, shortly after these events and while Rosa's motion for sanctions was pending, the City Treasurer's office sent Rosa a notice of impending foreclosure. The City did not attempt to dispute that its actions had violated the automatic stay, even offering to pay what it believed were Rosa's damages. As for punitive damages and attorney fees, however, the City demurred, claiming its violation had been inadvertent and caused by a mix-up in the Collector's office and a lack of communication between the Collector's office and the Treasurer's office.

7. Violations of the bankruptcy automatic stay get no sympathy in the federal courts. The bankruptcy court, in particular, considers this activity and its corollary, violations of a debtor's discharge, almost as a personal affront. Lack of both personnel and access to the most up to date advances in information technology, while chronic handicaps of local government, simply will not cut it as justifications for stay violations. Bureaucrats must institutionalize strict procedures for flagging and following up on bankruptcy court notices to prevent the kind of unfortunate situation experienced by the City of Richmond.

WHEREFORE, The Debtor respectfully request that this Court enter an order finding the City of Richmond in violation of the automatic stay, enter an order voiding taxes owed by the debtor, and award any damages to the Debtor, not dismiss the Debtors Motion and for further relief as this court may deem just and proper.

Respectfully Submitted,

/s/ Ruby Ann DeLillye

---

Ruby Ann DeLillye

1512 Shady Side Road

Baltimore, MD 21218

### Certificate of Mailing

I hereby certify that a true and accurate copy of the foregoing Opposition was sent first class mail on this 21st day of January, 2005 to the following parties and /or interested parties.

Alexandria Silvia
Pro Hac Vice,
Assistant City Attorney
Office of The City Attorney
900 E. Broad Street Room 300

Bud Stephen Taymen, Chapter 7 Trustee
6303 Ivy Lane 140
Greenbelt, MD 20770

Richmond, VA 23219

/s/ Ruby Ann DeLillye